**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HOWARD COHAN

      Plaintiff,

v.

HZ O DONUTS LLC, a Foreign
Limited Liability Company, d/b/a
DUNKIN DONUTS #203

      Defendant(s).

                                /

Case No. 6:24-cv-02092-RBD-DCI

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, HZ O DONUTS LLC ("Defendant"), answers the Complaint filed by Plaintiff, HOWARD COHAN ("Plaintiff"), as follows:

## JURISDICTION AND VENUE

1. Defendant admits that the Court has original subject matter jurisdiction over claims arising under the Americans with Disabilities Act ("ADA"). Defendant denies that it violated the ADA and denies any and all remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that venue is proper in the United States District Court for the Middle District of Florida. Defendant denies any and all remaining allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3.      Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies such allegations.

4.      Defendant admits that it operates a Dunkin' branded restaurant located at 890 N. Semoran Boulevard, Casselberry, Florida 32707 (hereby referred to as the "Premises"). Defendant denies any and all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained within Paragraph 5 of the Complaint.

6.      Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies such allegations.

7.      Defendant denies that Plaintiff was denied full and equal access and full and equal enjoyment of the facilities and amenities at the Premises and denies that he was a "bona fide patron." Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and therefore denies such allegations.

8.      Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations concerning Plaintiff's intent to return

2

to the Premises and therefore denies such allegations. Defendant denies the remaining allegations contained within Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained within Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained within Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained within Paragraph 11 of the Complaint.

12. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies such allegations.

13. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies such allegations.

14. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies such allegations.

15. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies such allegations.

16.    Defendant denies the allegations contained within Paragraph 16 of the Complaint.

17.    Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations regarding Plaintiff's intent to return to Defendant's restaurant and therefore denies such allegations. Defendant denies the remaining allegations contained within Paragraph 17 of the Complaint.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

18.    Defendant hereby incorporates by reference the answers to all paragraphs contained in all previous Counts, as though same were fully set forth herein at length.

19.    Defendant states that Paragraph 19 of the Complaint contains statements of law to which no factual response is required. To the extent that a factual response is required, Defendant denies the allegations contained in this Paragraph.

20.    Defendant states that Paragraph 20 of the Complaint contains statements of law to which no factual response is required. To the extent that a factual response is required, Defendant denies the allegations contained in this Paragraph.

21.    Defendant states that Paragraph 21 of the Complaint contains statements of law to which no factual response is required. To the extent that a

factual response is required, Defendant denies the allegations contained in this Paragraph.

22. Defendant states that Paragraph 22 of the Complaint contains statements of law to which no factual response is required. To the extent that a factual response is required, Defendant denies the allegations contained in this Paragraph.

23. Defendant denies the allegations contained within Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained within Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained within Paragraph 25 of the Complaint.

26. Defendant states that Paragraph 26 of the Complaint contains statements of law to which no factual response is required. To the extent that a factual response is required, Defendant denies the allegations contained in this Paragraph.

27. Defendant denies the allegations contained within Paragraph 27 of the Complaint, including all subparts.

28. Defendant denies the allegations contained within Paragraph 28 of the Complaint.

29. Defendant denies that violations exist at the Premises and denies any and all remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained within Paragraph 30 of the Complaint.

31. Defendant states that Paragraph 31 of the Complaint contains statements of law to which no factual response is required. To the extent that a factual response is required, Defendant denies the allegations contained in this Paragraph.

32. Defendant states that Paragraph 32 of the Complaint contains statements of law to which no factual response is required. To the extent that a factual response is required, Defendant denies the allegations contained in this Paragraph.

33. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations concerning Plaintiff's arrangements with his counsel and therefore denies such allegations. Defendant denies that Plaintiff is entitled to attorneys' fees, costs, and expenses, and denies any and all remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained within Paragraph 34 of the Complaint.

6

35. Defendant states that Paragraph 35 of the Complaint contains statements of law to which no factual response is required. To the extent that a factual response is required, Defendant denies the allegations contained in this Paragraph.

36. Defendant admits that the Court has the authority to grant injunctive relief under the ADA. Defendant denies that Plaintiff is entitled to such relief and denies any and all remaining allegations contained in Paragraph 36 of the Complaint.

In response to the "WHEREFORE" clause following Paragraph No. 36. of the Complaint, including all subparts thereto, Defendant HZ O DONUTS LLC denies the allegations contained therein, denies that Defendant HZ O DONUTS LLC committed any unlawful acts, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

7

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Plaintiff lacks standing to bring the claims and/or to seek or receive the injunctive relief sought in the Complaint.

## THIRD DEFENSE

Plaintiff has not and is not suffering the threat of immediate irreparable injury, and as such, no injunctive relief or declaratory relief is warranted.

## FOURTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent Plaintiff is requesting modifications to areas of the Premises that are not public or open to the public.

## FIFTH DEFENSE

The Complaint should be dismissed in whole or in part to the extent that Plaintiff's requested modifications are not readily achievable, not reasonable, and/or are not required by law.

8

## **SIXTH DEFENSE**

The Complaint should be dismissed in whole or in part to the extent that the requested modifications would pose a direct threat; and/or the current configuration of the Premises is based on legitimate safety requirements.

## **SEVENTH DEFENSE**

The Complaint should be dismissed in whole or in part to the extent that any modifications sought by Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered by Defendant.

## **EIGHTH DEFENSE**

The Complaint should be dismissed in whole or in part to the extent that the Premises are in substantial compliance with the structural access requirements of Title III of the ADA and any non-compliance is *de minimis* or the result of conventional industry construction tolerances.

## **NINTH DEFENSE**

The Complaint should be dismissed in whole or in part to the extent that the modifications sought by Plaintiff are technically infeasible, structurally impracticable, or virtually impossible.

9

## TENTH DEFENSE

The Complaint should be dismissed in whole or in part to the extent that no architectural barriers to access exist at the Premises.

## ELEVENTH DEFENSE

The Complaint should be dismissed in whole or in part to the extent that even if, assuming *arguendo*, Defendant has any duty to modify its premises, Defendant satisfied any such duty as, among other things, reasonable modifications were evaluated and/or reasonable alternatives were considered and/or implemented or provided.

## TWELFTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that local ordinances or laws prevent any modifications that may be sought without approval of appropriate regulatory and/or zoning boards.

## THIRTEENTH DEFENSE

The Complaint should be dismissed in whole or in part as Defendant's alleged actions, at all times material hereto, including with regard to Plaintiff, were in good faith and based on legitimate, nondiscriminatory reasons.

## FOURTEENTH DEFENSE

The Complaint should be dismissed in whole or in part to the extent that any alleged violations are within recognized tolerances or variances and/or are in compliance with the oversight of all regulatory agencies.

## FIFTEENTH DEFENSE

Plaintiff's failure to put Defendant on notice as to his alleged inability to access Defendant's goods, services, facilities, privileges, advantages, or accommodations made it impossible for Defendant to reasonably accommodate the alleged needs of Plaintiff.

## SIXTEENTH DEFENSE

The Complaint and all purported claims for relief alleged therein are barred to the extent that compliance with the statutes and regulations in question would cause Defendant an undue financial or administrative burden.

## SEVENTEENTH DEFENSE

Plaintiff's claim for attorney's fees is barred, in whole or in part, because Plaintiff needlessly initiated legal action without providing notice of the alleged violations of law or alleged denial of access to or enjoyment of the services, privileges, amenities, and/or accommodations offered by the subject property, or otherwise attempting to resolve any dispute Plaintiff may have with Defendant.

11

## EIGHTEENTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent the modification(s) Plaintiff is requesting have already been made.

## NINETEENTH DEFENSE

The Complaint should be dismissed in whole or in part to the extent that Defendant did not have custody of, control over, or the legal right to modify or alter certain areas, elements or matters about which Plaintiff seeks alteration and/or modification.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that alleged violations, to the extent that any are actual violations, have been or will have been remedied before the time that this action is finally adjudicated.

## TWENTY-FIRST DEFENSE

The Complaint should be dismissed to the extent that conditions have either not been met or have not been waived.

## TWENTY-SECOND DEFENSE

The Complaint and all purported claims for relief alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes or regulations under which Plaintiff has sued.

12

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated:  January 06, 2025                 Respectfully submitted,

/s/ Gretchen M. Lehman
Gretchen M. Lehman
Florida Bar No: 0046365
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
gretchen.lehman@ogletreedeakins.com

*Attorneys for Defendant HZ O DONUTS LLC*

13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 06, 2025, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to:

GREGORY S. SCONZO, ESQUIRE
Sconzo Law Office, P.A.
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone:  561.729.0940
Facsimile:  561.491.9459
*Attorney(s) for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any

non-CM/ECF participants that require notification of this response via U.S. Mail.

*/s/ Gretchen M. Lehman*
Attorney

14